FILED IN OPEN COURT
U.S.D.C. Atlanta

OCT 12 2021

By: Kevin P. Weimer, Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAMUEL BARRERA-ANDRADE,<br>a/k/a "Sam," | Criminal Indictment<br><br>No. 1 21-CR-401<br><br>UNDER SEAL |

THE GRAND JURY CHARGES THAT:

### Count One

Beginning on a date unknown to the Grand Jury, but at least as of in or about January 2017, and continuing thereafter up to and including on or about October 7, 2020, in the Northern District of Georgia, and elsewhere, the defendants,

SAMUEL BARRERA-ANDRADE,
a/k/a "Sam,"

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with one another, and other persons known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally possess with the intent to distribute a controlled substance;

a) said conspiracy involving at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), as to defendants SAMUEL BARRERA-ANDRADE and ███████████████

b) said conspiracy involving at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), as to defendant ███████████████

All in violation of Title 21, United States Code, Section 846.

## Count Two

On or about October 15, 2019, in the Northern District of Georgia, and elsewhere, the defendant,

███████████████

and others known and unknown to the Grand Jury, aided and abetted by one another, did knowingly and intentionally possess with the intent to distribute a controlled substance, said act involving at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### Count Three

On or about September 3, 2020, in the Northern District of Georgia, and elsewhere, the defendants,

> SAMUEL BARRERA-ANDRADE,
> a/k/a "Sam," and

and others known and unknown to the Grand Jury, aided and abetted by one another, did knowingly and intentionally possess with the intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### Count Four

Beginning on a date unknown to the Grand Jury, but at least as of in or about January 2017, and continuing thereafter up to and including on or about October 7, 2020, in the Northern District of Georgia, and elsewhere, the defendants,

> SAMUEL BARRERA-ANDRADE,
> a/k/a "Sam,"

did knowingly combine, conspire, confederate, agree and have tacit understanding with one another, and other persons known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Section 1956, that is, to knowingly:

a) transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds and a monetary instrument, that is, United States currency, from a place in the United States to and through a place outside the United States, that is, Mexico, with the intent to promote the carrying on of specified unlawful activity, that is, the felonious buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

b) transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds and a monetary instrument, that is, United States currency, which was proceeds of specified unlawful activity, that is, the felonious importation, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, from a place in the United States to and through a place outside the United States, that is, Mexico, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part,

      (1) to conceal and disguise the nature, location, source, ownership, and control of proceeds of said unlawful activity, and

      (2) to avoid a transaction reporting requirement under Federal law,

in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and (ii);

All in violation of Title 18, United States Code, Section 1956(h).

## Forfeiture Provision

Upon conviction of one or more of the offenses alleged in Counts One through Three of this Indictment, the defendants,

**SAMUEL BARRERA-ANDRADE,**
a/k/a "Sam,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations, including, but not limited to, the following:

    a. MONEY JUDGMENT: A sum of money in United States currency equal to the amount of proceeds the defendant obtained as a result of the offenses alleged in Counts One through Three of this Indictment.

5

Upon conviction of the offense alleged in Count Four of this Indictment, the defendants,

SAMUEL BARRERA-ANDRADE,
a/k/a "Sam,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offense and all property traceable to such offense, including, but not limited to, the following:

    a. MONEY JUDGMENT: A sum of money in United States currency equal to the amount of proceeds the defendant obtained as a result of the offense for which the defendant is convicted.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title

18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A     *True*     BILL

*/s/ [signature]*
FOREPERSON

KURT R. ERSKINE
*Acting United States Attorney*

*/s/ [signature]*

NICHOLAS HARTIGAN
*Assistant United States Attorney*
Georgia Bar No. 408147

600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
404-581-6014; Fax: 404-581-6181

7